```
                   IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON


MICHAEL A. HILLECKE, and      )
CAROLYNE R. HILLECKE,         )
                              )    Civ. No. 05-1723-SU
              Plaintiffs,     )
                              )    FINDINGS AND RECOMMENDATION
     v.                       )
                              )
UNITED STATES OF AMERICA,     )
                              )
              Defendant.      )
_____
```

**SULLIVAN, J.**

    Pro se plaintiffs Michael A. Hillecke and Carolyne R. Hillecke, husband and wife, bring this action against the United States, seeking judicial review of determinations by the Internal Revenue Service (IRS).

    The United States moves for partial judgment on the pleadings. The Court previously ruled that defendant's Motion for Partial Judgment on the Pleadings would be construed as a

1 - FINDINGS AND RECOMMENDATION

Motion for Partial Summary Judgment.  I recommend granting the motion.

## BACKGROUND

In 2004, the IRS notified plaintiff Carolyne Hillecke of its intent to levy to collect allegedly outstanding federal income tax liabilities from 1997 through 2001.  The IRS also notified Ms. Hillecke that it intended to collect two civil penalties of $500 each for filing frivolous income tax returns.  See 26 U.S.C. § 6702.  The IRS notification stated that Ms. Hillecke could seek a collection due process (CDP) hearing with the IRS Office of Appeals.

In 2004, the IRS sent plaintiff Michael Hillecke notices of levy based on his alleged failure to pay income taxes due from 1996 through 2001, as well as a $500 civil penalty for filing a frivolous income tax return.  The notice stated that Mr. Hillecke could seek a CDP hearing.

Plaintiffs requested a CDP hearing, with the hearing to be conducted by correspondence.  Plaintiffs argued that although they "had the opportunity to dispute the underlying claim in Tax Court," the Tax Court lacked jurisdiction to review their claims that the IRS had "illegally manufactured" the administrative record.  This assertion apparently relates to plaintiffs' contention that the IRS improperly created "substitutes for

2 - FINDINGS AND RECOMMENDATION

returns" instead of relying on the income tax forms submitted by plaintiffs.

In their letters to the IRS, plaintiffs summarized their arguments as follows:

> There is no statute that states I am liable for to pay an income tax under Title 26.  The U.S. Supreme Court has consistently held for more than 100 years that the compensation I receive for my labor is not income.  I do not belong to any statutory grouping (i.e. person engaged in corporate activities, government employee, citizen engaged in commerce outside the U.S., nonresident alien, etc.) that maybe liable for taxes imposed upon them by Title 26 therefore I owe no tax.

Compl., Ex. E, at 7; id. Ex. F, at 7.  Similarly, in their complaint here (termed a "petition"), plaintiffs contend that they have a constitutional right to "choose not to include in our returns any of salaries, wages or compensation for personal service."  Compl. at 5 (emphasis omitted).

The IRS was not persuaded by plaintiffs' arguments.  After the CDP hearing, the IRS issued notices of determination, finding that income tax liabilities had been properly assessed against plaintiffs, that plaintiffs had failed to pay the income taxes they owed, and that the proposed levies were not more intrusive than necessary.  The IRS also found that plaintiffs had filed frivolous income tax returns, justifying the three $500 penalties assessed against plaintiffs.

3 - FINDINGS AND RECOMMENDATION

The notices of determination informed plaintiffs[1] that they could seek judicial review of the CDP hearing determination at the United States Tax Court.  See Deft.'s Ex. 1, at 1 ("If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.").  Plaintiffs then filed this action, which seeks review of the CDP hearing determination and the underlying income tax liability assessed, as well as the penalties assessed for filing frivolous income tax returns.

**STANDARDS**

The court may grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 ©.  If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial.  Celotex Corp. V. Catrett, 477 U.S. 317, 322-23 (1986).   Here, there is no dispute of fact regarding the occurrence of the CDP hearing nor that plaintiffs dispute the underlying tax liability assessed.  Rather, the dispute here is an issue of law whether this court has jurisdiction to hear the case.

---

[1] Although defendant has not submitted a copy of the notice of determination sent to Carolyne Hillecke, plaintiffs do not contend that she was not sent a similar notice.

4 - FINDINGS AND RECOMMENDATION

**DISCUSSION**

Defendant contends that this court lacks subject matter jurisdiction over plaintiffs' challenge to the CDP hearing and the underlying income taxes assessed.  I agree.

**I.  This Court Lacks Jurisdiction Over Plaintiffs' Challenges to the CDP Hearing and the Underlying Income Tax Liability**

**A.  The Tax Court Has Exclusive Jurisdiction Over Challenges to the CDP Hearing Determination**

Section 6330(d)[2] authorizes judicial review of CDP determinations:

> (1) The person may, within 30 days of a determination under this section, appeal such determination -
>
> (A) To the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter); or
>
> (B) if the Tax Court does not have jurisdiction of the underlying tax liability, to a district court of the United States.

26 U.S.C. § 6330(d) (now repealed as noted).  "[W]hen the IRS's proposed levy involves an underlying tax liability, judicial review over any determination made in a Collection Due Process hearing lies in the United States Tax Court, not the district court."  <u>Johnson v. Commissioner</u>, 2000 WL 1041191, at *3 (D. Or.

---

[2] Congress recently amended 26 U.S.C. § 6330(d) to give the Tax Court jurisdiction over appeals from CDP hearings regardless of the underlying tax liability. <u>See</u> <u>Murphy v. Commissioner</u>, 469 F.3d 27, 30 n.2 (1st Cir. 2006) (citing Pub. L. No. 109-281, § 855(a)).  Because the Tax Court has jurisdiction under either version of 26 U.S.C. § 6330(d), at this time I need not address the effect of the amendment.

5 - FINDINGS AND RECOMMENDATION

2000). Here, "plaintiff's claims involve a dispute over a proposed levy by the Internal Revenue Service in response to an alleged income tax liability. This is precisely the kind of claim over which the Tax Court has jurisdiction." Hickey v. United States, 2002 WL 4717189, at *2 (D. Nev. 2002); see also Matthews v. Commissioner of Internal Revenue, 2006 WL 1401900, at *1 (D. Md. 2006) (Tax Court has exclusive jurisdiction over challenges to CDP hearings) (citing decisions from the First, Sixth, Seventh, and Eleventh Circuits).

**B. This Court Lacks Subject Matter Jurisdiction Over Plaintiffs' Challenge to Income Tax Liability**

Plaintiffs also challenge the income tax liability determinations. This court lacks subject matter jurisdiction over this claim.

Plaintiffs had two avenues for judicial review of the income tax liabilities assessed against them. They could either have petitioned the Tax Court before the assessment, or they could have paid the taxes assessed and filed an action in this court seeking a refund. 26 U.S.C. §§ 6213, 7422. Because plaintiffs failed to take either course of action, this court lacks subject matter jurisdiction over their challenge to the assessed income tax liability. See Sokolow v. United States, 169 F.3d 663, 665 (9th Cir. 1999) ("once a tax has been assessed, the taxpayer's only recourse is to pay the tax in full and then sue for a refund in district court"); Thomas v. United States, 755 F.2d 728, 729

6 - FINDINGS AND RECOMMENDATION

(9th Cir. 1985) ("there is no jurisdiction in the district courts over suits for the refund of penalty amounts paid until the taxpayer has paid the full amount of the contested penalty assessment").

Plaintiffs contend that this court has subject matter jurisdiction over their claims relying on 28 U.S.C. § 1346. Section 1346(a)(1) does permit actions against the United States to recover excess income taxes paid, but because plaintiffs have not paid the assessed income tax liabilities, § 1346(a)(1) does not waive the United States' sovereign immunity. See Schon v. United States, 759 F.2d 614, 617 (7th Cir. 1985) ("a taxpayer may not rely on section 1346(a)(1) to challenge an erroneously or illegally assessed amount without first paying the full amount of an income tax deficiency.").

## II. Plaintiffs' Claim Under § 7433 Is Premature Because Administrative Remedies Were Not Exhausted

In their complaint, plaintiffs seek relief under 26 U.S.C. § 7433. Section 7433(a) provides, "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States."

Before seeking relief under § 7433, a taxpayer must first

7 - FINDINGS AND RECOMMENDATION

exhaust administrative remedies.  See 26 U.S.C. § 7433(d)(1) ("A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."); Conforte v. United States, 979 F.2d 1375, 1377 (9th Cir. 1993); Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994).  Here, to establish exhaustion, plaintiffs submit a copy of a letter that they apparently sent to defendant, dated October 6, 2006.  However, plaintiffs' letter does not exhaust their administrative remedies.  See 26 C.F.R. § 301.7433-1(d) (exhaustion requires either issuance of an administrative decision on the claim or the lapse of six months since filing the claim).  Because plaintiffs have not exhausted their administrative remedies, plaintiffs' claim under § 7433 should be dismissed.

### III.  Plaintiffs Have No Claim Under § 7214

In their complaint, plaintiffs cite 26 U.S.C. § 7214, which prohibits revenue officers or agents from making fraudulent statements or knowingly demanding more tax than is authorized by law.  In their response brief, plaintiffs concede that their claim under § 7214 is premature.

### CONCLUSION

I recommend that the United States' motion for partial summary judgment (#14) should be granted.  I recommend that

pursuant to 26 U.S.C. Section 6330, plaintiffs should have 30 days from entry of the Order of this Court to file their appeal with the appropriate court.  See <u>Broderick v. USA</u>, 96 A.F.T.R.2d 2005-5383(D. Ariz. 2005)  The only remaining claims should be plaintiffs' challenges to penalties assessed for filing frivolous income tax returns.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due February 5, 2007.  If no objections are filed, review of the Findings and Recommendation will be under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date objections are filed.

DATED this 18th day of January, 2007.

  /s/  Patricia Sullivan
         PATRICIA SULLIVAN
   U.S. DISTRICT COURT MAGISTRATE JUDGE

9 - FINDINGS AND RECOMMENDATION