UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. HILLECKE and
CAROLYNE R. HILLECKE,

      Petitioners,                                          Civil No. 05-1723-SU

UNITED STATES OF AMERICA,                    O R D E R

      Respondent.

HAGGERTY, Chief Judge:

      Magistrate Judge Sullivan issued a Findings and Recommendation [23] in this action, recommending that the Respondent's Motion for Partial Summary Judgment [14] should be granted, and pursuant to 26 U.S.C. § 6330, petitioners should have thirty days from entry of the Order of this court to file their appeal with the appropriate court, and the remaining claims should be limited to petitioners' challenges to penalties assessed for filing frivolous income tax returns.

      Petitioners filed objections to portions of the Findings and Recommendation and the matter was then referred to this court. When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that

1 -- ORDER

portion of the Magistrate's report.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner.  The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire Record.  Magistrate Judge Sullivan provided a thorough analysis of the facts and circumstances regarding this litigation, and this analysis need not be repeated here.

Petitioners refer to several findings in the Findings and Recommendation in their objections.  First, petitioners object to the recitation in the Findings and Recommendation of the findings made previously by the Internal Revenue Service (IRS).  Specifically, petitioners object to this sentence: "the IRS issued notices of determination, finding that income tax liabilities had been properly assessed against plaintiffs, that plaintiffs had failed to pay the income taxes they owed, and that the proposed levies were not more intrusive than necessary."  Findings and Recommendation at 3.

Although petitioners disagree with the findings rendered by the IRS, their objection to the Findings and Recommendation that simply acknowledges those findings is overruled.  The Findings and Recommendation summarizes the findings of the IRS correctly.

Next, petitioners object to the portion of the Findings and Recommendation that quotes notices that were sent to petitioners:

> The notices of determination informed [petitioners] that they could seek judicial review of the [Collection Due Process] hearing determination at the United States Tax Court.  *See* Deft.'s Ex. 1, at 1 ("If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter.").

Findings and Recommendation at 4.

2 -- ORDER

Petitioners contend that their notices did not direct them to petition the United States Tax Court. However, in making this assertion petitioners have referred to only two of four notices of determination that were sent to them by the IRS. Plainly, petitioners received two separate notices of determination.

As petitioners assert, Michael Hillecke received a notice dated October 17, 2005, from the IRS, attached to his Petition as Exhibit A, that directs him to file any appeal to the civil penalty assessed for the filing of a frivolous return for tax year 1996 in this court. However, he also received a second notice, also dated October 17, 2005, directing him to the United States Tax Court with respect to any appeal of the determinations for income tax years 1996, 1997, 1998, 1999, 2000, and 2001. Decl. of James E. Weaver, Ex. 1.

Carolyne Hillecke received a similar notice dated October 17, 2005 directing her to the United States Tax Court with respect to any appeal of the determinations for income tax years 1997 and 2001. Supplemental Decl. of James E. Weaver, Ex. 3. This objection is overruled.

Finally, petitioners object to the recommendation that the only remaining claims should be petitioners' "challenges to penalties assessed for filing frivolous income tax returns." Findings and Recommendation at 9. Petitioners contend that this is "irrelevant" and that "frivolous" is not defined in the applicable statutes and that the "burden of proof with respect to such [an] issue shall be on the Secretary." Objections at 2.

Magistrate Judge Sullivan's recommendations regarding the claims remaining in this case are sound, correct, and entitled to adoption. Petitioners' objections to the scope or definitions applicable to those claims fail to alter that fact.

CONCLUSION

Petitioners' objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue. The Findings and Recommendation [23] is sound and persuasive, and is adopted in its entirety. Respondent's Motion for Partial Summary Judgment [14] is granted. Pursuant to 26 U.S.C. § 6330, petitioners have thirty days from entry of this Order to file their appeal with the appropriate court. The remaining claims before the Magistrate Judge are petitioners' challenges to penalties assessed for allegedly filing frivolous income tax returns.

IT IS SO ORDERED.

DATED this 12th day of April, 2007.

    /s/Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge