IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL A. HILLECKE, and
CAROLYNE R. HILLECKE,

              Plaintiffs

     v.                                 Civil No. 05-1723-SU
                               FINDINGS AND RECOMMENDATION

UNITED STATES OF AMERICA,

              Defendant.
_____

SULLIVAN, Magistrate Judge:

      Pro se plaintiffs Michael A. Hillecke and Carolyne R. Hillecke, husband and wife,
(collectively "Hilleckes") filed a Complaint (termed a "petition") against the United States seeking
judicial review of determinations by the Internal Revenue Service ("IRS").  Specifically, the
Hilleckes sought review of a collection due process ("CDP") hearing determination, the underlying
income tax liability assessed and the penalties assessed for filing frivolous income tax returns.

Page 1 - FINDINGS AND RECOMMENDATION

Previously, this court found that it lacked subject matter jurisdiction over the Hilleckes' challenges to the CDP hearing regarding the underlying income taxes assessed. *See Hillecke v. United States*, CV No. 05-1723-SU (D. Or. April 12, 2007) (Order adopting Findings and Recommendation). Accordingly, the sole remaining issue before the court is the Hilleckes' challenge to the penalties assessed for filing frivolous income tax returns. The United States has filed a motion for summary judgment against this claim and, for the reasons set forth below, that motion should be granted.

*BACKGROUND*

The basic facts in this case are undisputed. On May 14, 2001, the Hilleckes signed and filed a Form 1040 income tax return for 1996. They reported zero income, zero adjusted gross income and zero taxable income for the 1996 tax year, despite the issuance of a 1996 Form W-2 by Eagle Truck and Machine Company that reflected wages, tips or other compensation in the amount of $17,084.71, earned by Ms. Hillecke during 1996. (James E. Weaver Third Decl. Ex. 5 at 1-3, Nov. 12, 2008.) The Hilleckes submitted a disclosure statement to justify their failure to include this compensation in their gross income. (Weaver Third Decl. Ex. 5 at 4-5.) Additionally, the Hilleckes submitted an "Asseveration[1] of Claimed Gross Income" statement that elaborated on why they did not include the compensation paid by Eagle Truck and Machine Company in their taxable income. (Weaver Third Decl. Ex 5 at 7-9).

Similarly, On May 14, 2001, the Hilleckes signed and filed a Form 1040 income tax return for 1998. They reported zero income, zero adjusted gross income and zero taxable income for the

---

[1]Asseverate is defined as: "[t]o state solemnly or positively; to aver." BLACK'S LAW DICTIONARY 127 (8th ed. 2004).

1998 tax year, despite the issuance of a 1998 Form W-2 by Eagle Truck and Machine Company that reflected wages, tips or other compensation in the amount of $22,274.96, earned by Ms. Hillecke during 1998. (Weaver Third Decl. Ex. 6 at 1-3.) The Hilleckes submitted a disclosure statement to justify their failure to include this compensation in their gross income. (Weaver Third Decl. Ex. 6 at 4-5.) Additionally, the Hilleckes submitted an "Asseveration of Claimed Gross Income" statement that elaborated on why they did not include the compensation paid by Eagle Truck and Machine Company in their taxable income. (Weaver Third Decl. Ex 6 at 7-9.)

On May 14, 2001, the Hilleckes signed and filed a Form 1040 income tax return for 1999. They reported zero income, zero adjusted gross income and zero taxable income for the 1999 tax year, despite the issuance of a 1999 Form W-2 by Eagle Truck and Machine Company that reflected wages, tips or other compensation in the amount of $22,847.63, earned by Ms. Hillecke during 1999. (Weaver Third Decl. Ex. 7 at 1-3.) The Hilleckes submitted a disclosure statement to justify their failure to include this compensation in their gross income. (Weaver Third Decl. Ex. 7 at 4-5.) Additionally, the Hilleckes submitted an "Asseveration of Claimed Gross Income" statement that elaborated on why they did not include the compensation paid by Eagle Truck and Machine Company in their taxable income. (Weaver Third Decl. Ex 7 at 7-9.)

In 2004, the IRS notified Carolyne Hillecke of its intent to levy to collect allegedly outstanding federal income tax liabilities from 1997 through 2001. The IRS also notified Ms. Hillecke that it intended to collect two civil penalties of $500 each for filing frivolous income tax returns. *See* 26 U.S.C. § 6702. The IRS notification stated that Ms. Hillecke could seek a CDP hearing with the IRS Office of Appeals. In 2004, the IRS sent Michael Hillecke notices of levy based on his alleged failure to pay income taxes due from 1996 through 2001, as well as a $500 civil

Page 3 - FINDINGS AND RECOMMENDATION

penalty for filing a frivolous income tax return.  The notice stated that Mr. Hillecke could seek a

CDP hearing.

The Hilleckes requested a CDP hearing, with the hearing to be conducted by correspondence.

The Hilleckes argued that although they "had the opportunity to dispute the underlying claim in Tax

Court," the Tax Court lacked jurisdiction to review their claims that the IRS had "illegally

manufactured" the administrative record.  (Compl. Ex. D at 1.)  This assertion apparently relates to

the Hilleckes' contention that the IRS improperly created "substitutes for returns" instead of relying

on the income tax forms submitted by them.

In their letters to the IRS, the Hilleckes' summarized their arguments as follows:

> There is no statute that states I am liable for to pay an income tax under Title 26.  The
> U.S. Supreme Court has consistently held for more than 100 years that the
> compensation I receive for my labor is not income.  I do not belong to any statutory
> grouping (i.e. person engaged in corporate activities, government employee, citizen
> engaged in commerce outside the U.S., nonresident alien, etc.) that maybe liable for
> taxes imposed upon them by Title 26 therefore I owe no tax.

(Compl. Ex. E at 7, Ex. F at 7.)  Similarly, in their Complaint filed here, the Hilleckes contend that

they have a constitutional right to "choose not to include in our returns any of salaries, wages or

compensation for personal service."  (Compl. 5 (emphasis omitted).)

The IRS was not persuaded by the Hilleckes' arguments.  After the CDP hearing, the IRS

issued notices of determination, finding that income tax liabilities had been properly assessed against

the Hilleckes; that the Hilleckes had failed to pay the income taxes they owed; and that the proposed

levies were not more intrusive than necessary.  (James E. Weaver Decl. Ex. 1 at 3, Sept. 22, 2006;

James E. Weaver Supp. Decl. Ex. 3 at 3, Feb. 8, 2007.)  The IRS also found that the Hilleckes had

filed frivolous income tax returns, justifying the three $500 penalties assessed against them.

Page 4 - FINDINGS AND RECOMMENDATION

The notices of determination, dated October 17, 2005, informed the Hilleckes that they could seek judicial review of the CDP hearing determination in the United States Tax Court. (Weaver Decl. Ex. 1 at 1; Weaver Supp. Decl. Ex. 3 at 1.) Instead, on November 15, 2005, the Hilleckes filed this action seeking review of the CDP hearing determination and the underlying income tax liability assessed, as well as the penalties assessed for filing frivolous income tax returns. Subsequent, to this court's order of April 12, 2007, the Hilleckes filed a petition with the United States Tax Court to challenge the separate notices of determination regarding their income tax liabilities. By stipulation in the Hilleckes' Tax Court case, submitted on June 2, 2008, the Hilleckes agreed that the United States Tax Court should sustain those notices of determination. (Weaver Third Decl. Ex. 4.)

### Legal Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. *Robi v. Reed*, 173 F.3d 736, 739 (9th Cir. 1999).

### Discussion

The IRS assessed three frivolous return penalties of $500 each against the Hilleckes pursuant to 26 U.S.C. § 6702(a)[2] for filing frivolous returns for tax years 1996 (Mr. Hillecke) and 1998, 1999

---

[2]The Hilleckes' $500.00 penalties were imposed under a former version of the Internal Revenue Code. In 2006, section 6702(a) was amended and the amount of penalty was increased to $5,000. The relevant Code provision provides:

(Ms. Hillecke).  The Hilleckes' seek an order from the court invalidating the frivolous return penalties assessed by the IRS.  The Hilleckes contend the compensation paid to Ms. Hillecke by Eagle Truck & Machine Company was not taxable income for the years in dispute because those earnings did not constitute "gross income" under 26 U.S.C. § 61.  Specifically, the Hilleckes maintain their wages were not taxable income because it was not an item of income listed in 26 C.F.R. § 1.861-8(f), a United States Treasury regulation regarding whether an item of a taxpayer's gross income has its source within or outside the United States.

Conversely, the government contends that the Hilleckes failed to provide a reasonable basis for their failure to report income from Eagle Truck and Machine Company during the three tax years at issue, 1996, 1998 and 1999, and the IRS was justified in assessing the fines.  According to the government, the Hilleckes have simply raised "tax protester" arguments that have routinely been

---

(a)  Civil penalty for frivolous tax returns.  A person shall pay a penalty of $5,000 if –

> (1)  Such person files what purports to be a return of a tax imposed by this title but which –
>
> > (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
> > (B) contains information that on its face indicates that the self-assessment is substantially incorrect, and
>
> (2)  the conduct referred to in paragraph (1) –
>
> > (A) is based on a position which the Secretary has identified as frivolous under subsection (c), or
> > (B) reflects a desire to delay or impede the administration of Federal tax laws.

26 U.S.C. § 6702(a)

Page 6 - FINDINGS AND RECOMMENDATION

rejected by the courts.  Thus, the court must determine whether the IRS abused its discretion when it leveled three $500 penalties for the tax years in question.

Section § 1 of the Internal Revenue Code ("Code") imposes a tax on the income of every individual who is a citizen or resident of the United States.  *See* 26 U.S.C. § 1.  Taxable income is gross income minus allowable deductions.  26 U.S.C. § 63(a).  "[G]ross income means all income from whatever source derived" and specifically includes "[c]ompensation for services."  26 U.S.C. § 61(a)(1).  *See also Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 327 (1995) ("Section 61(a) of the Internal Revenue Code provides a broad definition of 'gross income' . . . .  We have repeatedly emphasized the 'sweeping scope' of this section and its statutory predecessors."); *Wilcox v. Comm'r of Internal Revenue*, 848 F.2d 1007, 1008 (9th Cir. 1988) (stating that wages are taxable income); *Dillon v. United States*, 792 F.2d 849, 852 (9th Cir. 1986) ("Under [s]ections 1 and 61 of the Internal Revenue Code, federal income tax applies to 'every individual' and to 'all income from whatever source derived.'").

Despite these comprehensive statutory provisions, the Hilleckes contend that their compensation for services does not constitute gross income as that item of income is not listed in section 1.861-8(f) of the Income Tax Regulations.  *See* 26. C.F.R. § 1.861.8(f) (a list and description of operative sections).  The source rules, found at sections 861-865 of the Code and 26 C.F.R. 1.861-8 of the Treasury Regulations, are applied to determine whether income is considered from sources within or without the United States.  With regard to those sources rules, the Ninth Circuit has stated unequivocally that "[t]he source rules do not exclude from U.S. taxation income earned by U.S. citizens from sources within the United States."  *Corcoran v. Comm'r of Internal Revenue*, T.C. Memo. 2002-18, 2002 WL  71029, *2 (U.S. Tax Court), *aff'd*, 54 Fed.Appx. 254 (9th Cir. 2002);

Page 7 - FINDINGS AND RECOMMENDATION

*see also Williams v. Comm'r of Internal Revenue*, 114 T.C. 136, 138-39, 2000 WL 230343 (rejecting claim that income is not subject to tax because it is not from any of the sources listed in section 1.861-8(a), Income Tax Regulations).

Indeed, courts have routinely rejected as frivolous the assertion that 26 U.S.C. §§ 861-865, and the related United States Treasury regulations (26 C.F.R. § 1.861-8), in any way define or limit the definition of gross income.  *See, e.g., United States v. Bell*, 238 F. Supp. 2d 696, 700-01 (M.D. Pa. 2003) (the argument "rests purely on semantics and takes the regulations promulgated under section 861 out of context," and that "[t]o suggest that these regulations create an exemption for domestic wages of U.S. citizens is irresponsible and frivolous advocacy"), *aff'd*, 414 F.3d 474 (3rd Cir. 2005); *Loofbourrow v. Comm'r of Internal Revenue*, 208 F. Supp. 2d 698, 710 (S.D. Tex. 2002) (argument is misplaced and takes the regulations out of context); *Williams,* 114 T.C. at 138-39 (rejecting argument that petitioner's income is not from any of the sources listed in section 1.861-8(a) of the Treasury regulations, and is therefore not taxable, and stating that "[p]etitioner's arguments are reminiscent of tax-protester rhetoric that has been universally rejected by this and other courts").

The Hilleckes' action has no basis in fact or law.  The IRS did not abuse its discretion in assessing three frivolous return penalties against the Hilleckes for tax years 1996, 1998 and 1999.  There exists no genuine issue of material fact and the United States should be entitled to judgment as a matter of law.

*Conclusion*

Based on the foregoing, the United States' Motion for Summary Judgment on the Petitioners' Remaining Claims (doc. #32) should be GRANTED.  The Hilleckes' Complaint (doc. #1) should be dismissed with prejudice and all other motions should be DENIED as moot.

Dated this 23rd day of April 2009.


_____/s/ Patricia Sullivan_____
Patricia Sullivan
United States Magistrate Judge

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due **May 7, 2009**.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.